UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                    **Hon. Hugh B. Scott**

                                              v.
                                                                    10CR180S

                                                                    **Order**

STACEY T. SPENCER,

                                   Defendant.

Before the Court are (a) defendant's motion (Docket No. 24[1]) for reconsideration of the

Order of detention (see Docket No. 7), and (b) the Government's motion to reconsider (Docket

No. 26[2]) the Report & Recommendation (see Docket No. 23) rendered in this case. Familiarity

with that Report & Recommendation is presumed.

BACKGROUND

Defendant is charged in a single count Indictment with unlawful possession of cocaine

with the intent to distribute, in violation of 21 U.S.C. § 841(b)(10(C), as well as a forfeiture

count (Docket No. 1, Indict., dated June 22, 2010). Defendant was arrested on May 13, 2010

(see Docket No. 1, Criminal Complaint, dated May 13, 2010; see also Docket No. 11, Gov't

Response at 1), after the Buffalo DEA Task Force and Olean Police Department obtained a

search warrant of 509 North Fifth Street, Olean, New York (Docket No. 1, Crim. Compl.,

---

[1]In opposition to this motion, the Government filed its attorney's affidavit, Docket
No. 28.

[2]In opposition, defendant's attorney filed a separate motion in response, with defense
counsel's affirmation, Docket No. 29.

Higgins Aff. ¶ 4). During the search, agents seized (among other items) over 70 grams of a substance field tested positive for cocaine, baggies, and a digital scale (id. ¶ 4 a.-f.). According to the agent's affidavit in support of the Complaint, after defendant's arrest and being advised of his rights, he stated that the cocaine found in a 2009 Ford Focus was "bunk" cocaine, or cocaine diluted with other substances used to trick people believing that they were purchasing purer cocaine (id. ¶ 6).

*Defendant's Detention*

Upon defendant's initial appearance on the criminal Complaint in this matter, the Government moved for detention and the defendant was remanded pending a detention hearing (Docket No. 2). After some adjournments (see Docket Nos. 3, 4), the detention hearing was held on June 14, 2010, and he was ordered detained (without prejudice) as a risk of flight and risk of danger (Docket No. 7).

Defendant was arraigned on the Indictment on June 25, 2010 (Docket No. 8; see also 10CR180, Docket No. 1, Indict.).

*Search on May 13, 2010*

The search at issue occurred at the home of defendant's wife, Intisar (Docket No. 10, Def. Atty. Affirm. ¶ 4), where defendant was sleeping as an overnight guest (Docket No. 16, Def. Aff. ¶ 2). The search warrant was issued by Olean City Court Judge Daniel Palumbo, upon the affidavit of Olean Police Investigator Andrew Langdon and in camera testimony of a sworn confidential informant. According to notes and tape recording submitted in camera to this Court for inspection, the confidential informant stated that he was in the residence at 509 North Fifth

Street, where the informant stated that defendant had weighed 60 grams of cocaine, with cocaine in plain sight.

The warrant was executed at 2:00 am on May 13, 2010, while defendant was asleep (Docket No. 16, Def. Aff. ¶ 2). Defendant denied giving permission to the police to enter and he asked repeatedly to see the warrant but was only shown it after the house was searched (id. ¶¶ 3, 4; see id. ¶ 5 (claiming officers gained entry by lying to wife)). Defendant also denied giving permission to search his car (id. ¶ 8). He argues that the search of his home was fruitless and no contraband was found there (Docket No. 10, Def. Atty. Affirm. ¶ 7). He contends that the search of his rented car was without his consent and was not identified as a target for the search warrant. Four plastic bags containing cocaine mixture were found in the car (id. ¶ 17).

Defendant asserts standing for the search of the rental car since he (and his brother) rented it (id. ¶¶ 19, 15-16). The search warrant included in its ambit the search of any vehicles within the premises of 509[3] North Fourth Street, Olean (e.g., Docket No. 10, Attach. 1, Search Warrant, Search Warrant Application), without describing any particular vehicle (see Docket No. 10, Def. Atty. Affirm. ¶ 44). But defendant's car was parked three lots away from that address (Docket No. 16, Def. Aff. ¶ 9; Docket No. 10, Def. Atty. Affirm. ¶ 34).

Defendant moved to suppress this evidence obtained pursuant to the search warrant (Docket No. 10, Def. Atty. Affirm. ¶¶ 20, 21, 25, 26, 30-31, 42-44). The Government responded in upholding the validity of the search warrant (Docket No. 11, Gov't Response, at 7-10), while including (as part of the discovery furnished to defendant) excerpted portions of the grand jury transcript (id. Ex. A). The Report & Recommendation found that defendant had standing to

---

[3]Erroneously identified in the Report as "409 North Fourth Street," Docket No. 23, at 3.

contest the validity of the search warrant and the search of the rental car (Docket No. 23, Report at 5) and found that the search warrant for one premises did not include the rented car parked far from the stated address, denying a basis for the search and subsequent seizure (id. at 6-7). The Court also noted that "It is not clear from this record that defendant (or anyone else) consented to the search of the vehicle. On this basis, defendant's motion to suppress **should be granted**" (id. at 7 (emphasis in original)). The Report also called for a suppression hearing on defendant's statements (id.).

*Defense Motion to Reconsider*

In light of the favorable Report & Recommendation, defendant moved for reconsideration of the detention Order (Docket 24). He contends that the sole evidence against him would be suppressed upon the terms of the Report, his detention should be reconsidered (id. Def. Atty. Affirm. ¶¶ 5-8).

The Government opposes defendant's request to be released on his own recognizance or upon minimal bail, arguing that the Report was not an Order of the Court disposing of defendant's suppression motion (Docket No. 28, Gov't Atty. Aff. ¶¶ 3, 4). Since the Report has not been adopted by the District Court and a hearing is required for defendant's statements, there is no final Order of suppression to justify reconsidering defendant's detention (id. ¶ 6) and defendant has not shown any changed circumstance to justify reconsideration (id. ¶ 7).

*Government's Motion to Reconsider*

The Government did two things after defendant moved to reconsider detention. First, it sought an extension of time to file objections to the Report (Docket No. 25), which Chief Judge Skretny granted (Docket No. 27); second, it moved for reconsideration of the Report (Docket

No. 26). The Government challenges the finding that defendant had standing to contest the

search of the rental car, requesting a hearing on this point (Docket No. 26, Gov't Atty. Aff. ¶ 2).

It also seeks a hearing as to whether sufficient probable cause existed for the warrant and whether

the scope of the warrant included defendant's rental car parked away from the described search

area (see id.). In opposing defendant's motion to reconsider detention, the Government now

argues that the issue of consent to search is open in this case, citing to grand jury testimony (the

excepted transcript included in its initial response) where the defendant apparently stated that he

did not care if the officers searched the car since it was a rental (Docket No. 28, Gov't Atty. Aff.

¶ 5; see Docket No. 11, Ex. A, at page 5 of 7). In that opposition, the Government calls for a

hearing as to defendant's consent to a search (Docket No. 28, Gov't Atty. Aff. ¶ 6).

Defendant opposes reconsideration of the Report, arguing that (under civil law analogies)

there is no basis for reconsideration, since the Government did not argue an intervening change

in the law, the availability of new evidence, or the need to correct clear error of law or prevention

of manifest injustice (Docket No. 29, Def. Atty. Affirm. ¶ 8, quoting United States v. Yarbrough,

No. 04CR476, 2005 WL 6144289, at *2 (N.D.N.Y. Feb. 24, 2005) (applying, in turn Northern

District of New York Local Rule 7.1(g)).

DISCUSSION

I.      Reconsideration of Criminal Motions

The Federal Rules of Criminal Procedure make no provision for reconsideration (see

Docket No. 29, Def. Atty. Affirm. ¶ 7). Judge Larimer once held that the Magistrate Judge had

the "discretion to reconsider or reopen prior proceedings which precipitated" the Magistrate

Judge's decision, United States v. Florack, 155 F.R.D. 49, 51 (W.D.N.Y. 1994). In Florack, the

Government sought reconsideration (pursuant to then Federal Rule of Criminal Procedure 12(f)[4])

by Magistrate Judge Fisher of his refusal to allow the Government to argue an otherwise

defaulted suppression motion, id. at 50-51; see id. at 51-52 (Report & Rec. of Fisher, Mag. J.).

Judge Siragusa of this Court held in United States v. Amanuel, No. 05CR6075, 2006 WL

266560, at *1 (W.D.N.Y. Jan. 31, 2006), that the civil standard for reconsideration is applicable

in criminal cases, that the standard for reconsideration is "strict" and reconsideration "will

generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked–matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court," id. (internal quotations and citations omitted).

II.      Government's Motion to Reconsider the Report & Recommendation

The Government's motion to reconsider is **denied**.  It fails to show matters that were

overlooked that might reasonably be expected to alter the recommendations made in that Report,

see Amanuel, supra, 2006 WL 266560, at *1.  As for the Government's initial argument as to

defendant's standing, it had the opportunity to argue defendant's contrary statements to the grand

jury as a basis to question his standing, but only included the excerpted transcript without making

that contention.  Thus, the argument is not new and, if overlooked by anyone it was overlooked

by the Government.  The purpose of reconsideration is not allow a losing party a chance to trot

out arguments it could have made in the first instance.

As for the Government's new argument that a hearing is necessary as to defendant's

consent to search, the Government concedes that it presented the underlying evidence for this

issue when it attached the excerpt of the grand jury transcript.  It cannot make this new argument

---

[4]Now, in part, Federal Rule of Criminal Procedure 12(e).

(even novel to its motion for reconsideration) even though it presented the evidence (for other purposes) in its initial opposition to the motion. Further, defendant has evidentiary objections to the admission of the transcripts, such as the excerpt does not clearly identify the speaker (Docket No. 28, Def. Atty. Affirm. ¶¶ 28-30) or the vehicle testified about (id. ¶ 35)[5]. Therefore, the Government's motion to reconsider the Report & Recommendation (Docket No. 26) is **denied**.

III.     Defendant's Motion to Reconsider Detention

Finally, defendant's motion to reconsider his continued detention is **denied**. A Report & Recommendation is not a final determination of a suppression motion. Section 636(b) of title 28 of the United States Code authorizes a Magistrate Judge to conduct hearing and render a Report & Recommendation on motion to suppress evidence in a criminal case, 28 U.S.C. § 636(b)(1)(A), (B). After filing the Report and sending copies to the parties, the parties have fourteen days to file written objections to the Report, id. § 636(b)(1). The District Judge then "shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Thus, any recommendation in a Magistrate Judge's Report & Recommendation on a criminal suppression motion is tentative and ultimately subject to rejection, amendment or adoption by the District Judge. The Report alone cannot be the changed circumstances under

---

[5]Defendant also contends that the Government is confusing the statement he seeks suppressed. His claim is that the statement that he was selling "bunk" is the one he seeks suppressed, see Docket No. 29, Def. Atty. Affirm. ¶¶ 32-34, 36-37.

18 U.S.C. § 3145(b) for reconsideration of a Detention Order.  Thus, defendant's motion (Docket No. 24) is **denied**.

## CONCLUSION

For the reasons stated above, defendant's motion to reconsider his detention (Docket No. 24) is **denied**.  The Government's motion to reconsider the Report & Recommendation (Docket No. 26) is **denied**.  Defendant's responding "Notice of Motion" (Docket No. 29) is **terminated**.

So Ordered.

/s/ Hugh B. Scott

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
   February 25, 2011